## VÁZQUEZ v. MEDINA.

### APPEAL from the District Court of San Juan.

No. 551.—Decided February 1, 1911.

CONTRADICTORY EVIDENCE—FINDINGS OF TRIAL JUDGE THEREON.—Where the testimony of witnesses is contradictory it is the duty of the trial judge to harmonize it as far as possible, and his findings will not be disturbed by this court unless it be shown that he was influenced by passion, prejudice, or partiality, or acted in violation of some provision of law.

VALIDITY OF CONTRACTS—SALE .OF REAL PROPERTY—PUBLIC INSTRUMENT.—Under
sections· 1221 and 1225 of the Revised Civil Code a contract of purchase and
sale of real property is perfected from the moment the contracting parties
agree upon the sale of a tract of land for a real consideration, the record
thereof in a public instrument not being an essential condition for the
existence of such a contract, but the contracting parties may compel each
other to record the transaction in, a public instrument.

The facts are stated in the opinion.

Mr. Manuel F. Rossy for appellant.

Mr. José Martínez Dávila for respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the
court.

On September 17, 1909, José de la Rosa Vázquez filed a
complaint in the Municipal Court of Bayamón against Fran-
cisca Medina, alleging that on September 3 of said year they
had entered into a contract by which defendant sold to com-
plainant, at $16 per cuerda, a tract of land belonging to de-
fendant situated in barrio Padilla, within the municipality of
Corozal; bounded on the north and west by lands of José
Manuel Batista; on the south by lands of José de la Rosa
Vázquez; and on the east by the Corozal-Barros road. The
experts appointed by both parties having proceeded to meas-
ure the land, the same was found to consist of 26.32 cuerdas,
and thereafter the defendant evinced no disposition to exe-
cute the proper deed for the land she had sold.

The complaint ends with the prayer that, after compliance
with the due formalities of law, judgment be rendered order-
ing Francisca Medina to execute a deed of sale to the parcel
of land hereinbefore described in favor of José de la Rosa,
and should she fail so to do that authority be given to the
marshal of the court to execute the same, and that the costs
and other expenses of the proceedings be taxed against de-
fendant.

In her answer defendant, Francisca Medina, denies each
and every one of the facts alleged in the complaint, adding
as new matter by way of defense that on or about the date
mentioned in the complaint she made an offer, through her

son, Alonso Medina, to sell the property in question to José de la Rosa Vázquez· at $16 per *cuerda,* but on the express condition that a survey should first be made of the property and that, if it was found to contain 35 *cuerdas,* the sale would be effected, but not otherwise; and that, consequently, inasmuch as the survey of the land showed that the property contained approximately 26 *cuerdas* only, the contract fell through under the stipulation made.

A new trial having been had in the District Court of San Juan, Section 1, said court, on December 20, 1909, decided that both the facts and the law were in favor of the plaintiff, José de la Rosa Vázquez, and that, therefore, the defendant, Francisca Medina, must execute in favor of plaintiff, within 10 days from the date on which the judgment should become final, a deed of sale of the tract of land consisting of 26 *cuerdas* described in the complaint upon payment of the purchase price at $16 per *cuerda,* and that the costs be taxed against defendant.

This judgment is now before us on appeal taken by the defendant, who seeks this remedy on the ground that the court has erroneously estimated the evidence in violation of section 162 of the Law of Evidence, and of sections 1216 and 1247 of the Civil Code.

It is evident that the only question at issue here is whether or not the sale of the property was agreed upon by both parties in absolute terms at the price of $16 per *cuerda,* irrespective of the number of *cuerdas* resulting from the survey, as affirmed by complainant, or whether, on the contrary, it had been stipulated as a condition for the sale to take effect that the survey should show an area of 35 *cuerdas,* as claimed by the defendant.

The testimony of witnesses, Francisco Vélez, Elías García, Carmelo Negrón, Román Marrero, and José de la Rosa Vázquez himself support the contention of the plaintiff; while Alonso Medina, Gerónimo Mulero, Manuel Valiente, and Martín Ibáñez testified sustaining the allegation made by Fran-

cisca Medina, the veracity of Marrero and Mulero having been impeached by witnesses, Artemio P. Rodríguez and José Martínez Dávila, in their testimony.

The evidence being of a contradictory nature, it was the duty of the trial judge to endeavor to harmonize it as far as possible, and in case he should be unable to do so, his situation being such as to warrant a doubt, it was incumbent upon him to settle the conflict, as he did, in favor of the plaintiff; and we do not find that in the exercise of this power he has been influenced by passion, prejudice, or partiality, or has committed any manifest error or violated the provisions of sections 162 of the Law of Evidence and 1216 of the Civil Code; wherefore, we are bound to adopt his finding as ground for the application of the law.

We cannot admit the alleged violation of section 1247 of said code, which provides that acts and contracts, the object of which is the creation, transmission, modification, or extinction of property rights on real property, must appear in a public instrument, for, according to section 1221 of the same code, a contract exists from the moment one or more persons consent to bind himself or themselves, with regard to another or others, to give something or to render some service; and, according to the provisions of section 1225, contracts are perfected by mere consent and from that time they are binding, not only with regard to the fulfilment of what has been expressly stipulated, but also with regard to all the consequences which, according to their character, are in accordance with good faith, use, or law.

If the parties agreed to the sale of the tract of land described in the complaint for a certain consideration, as is shown by the evidence, thereby perfecting, a contract of purchase and sale, and if, under the provisions of section 1247 of the Civil Code, such a contract must appear in a public instrument, that section, far from having been violated, was properly applied in the judgment under consideration.

In support of the foregoing doctrine we may quote the

decision of the Supreme Court of Spain, rendered June 18, 1902, which reads:

"The effectiveness of contracts does not depend on their external form, but on the concurrence of such circumstances as are necessary to their validity, the parties thereto being bound by them, whatever be the form in which they may have been perfected, and their record in a public or private document, in some cases required by law, is not an essential condition to their existence, but a coercive means allowed the contracting parties to compel each other to the fulfilment thereof."

For the foregoing reasons the judgment rendered on December 20, 1909, by the District Court of San Juan, Section 1, should be affirmed.                      *Affirmed.*

Justices MacLeary, Wolf, and del Toro concurred.

Mr. Justice Aldrey did not take part in the decision of this case.